[No. B110574. Second Dist., Div. Seven. June 15, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNIE LUCERO et al., Defendants and Appellants.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published are the summary, section I, and the Disposition.

1108

**COUNSEL**

Jonathan B. Steiner, Nancy Gaynor and Shawn O'Laughlin, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—Defendant Ernie Lucero appeals from his conviction on two counts of robbery and from the finding the offenses were committed while he was on bail. Codefendant Jessica Maldonado appeals from her robbery conviction. We affirm.

### FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I.  *The Testimony of Officer George Mundy About What a Witness Told Him and the Lay Opinion Testimony of Officer William Spencer Regarding the Shoe Print, Even If Improperly Admitted, Do Not Require Reversal.*

A.  *Officer Mundy's Testimony That a Witness Told Him the Robber Left a Shoe Print on the Counter Was Inadmissible Whether Characterized as Hearsay or Nonhearsay.*

In explaining how he happened to lift the print of a shoe from the counter at Quality Burgers, Officer Mundy testified: "I asked one of the witnesses what the suspect touched in relation to the counter and the witness pointed to certain areas and pointed to the shoe print . . . that was left by the suspect that came into the restaurant[.]" Lucero objected to this testimony as hearsay but the trial court overruled the objection on the ground the statement was not introduced to prove the truth of the matter asserted but to explain the conduct of the officer.

The People concede if the statement was offered to prove the truth of the matter asserted—the robber stepped on the counter and left the shoe print—it would be inadmissible hearsay. The People, however, urge us to accept the trial court's rationale the evidence was admitted for the nonhearsay purpose of "showing [Officer Mundy's] good faith or the reasonableness of his conduct." In support of this argument, the People cite *People* v. *King* (1956) 140 Cal.App.2d 1, 4-5 [294 P.2d 972] which upheld the introduction of statements made to an officer by a confidential informant on the ground the statements were admitted for the nonhearsay purpose of establishing "reasonable cause to justify an arrest."

The problem with the People's argument is that even if the witness's statement to Officer Mundy was offered for a nonhearsay purpose it still had

---

*See footnote, *ante,* page 1107.

to be *relevant* to be admissible. As the court explained in *People* v. *Reyes* (1976) 62 Cal.App.3d 53, 67-68 [132 Cal.Rptr. 848], ". . . the principle set forth in *King* is not applicable [if] the legality of defendant's arrest was not in issue." In the present case, as in *Reyes*, the jury was not asked to determine whether the police had probable cause to arrest Lucero. Therefore, the witness's statement to Mundy about the suspect stepping on the counter was simply irrelevant for the nonhearsay purpose offered because it had no tendency in reason to prove any disputed issue of fact in the action. (Evid. Code, § 210; *Reyes*, *supra*, 62 Cal.App.3d at p. 68.)

The trial court's error in admitting this evidence, however, was harmless. In overruling Lucero's objection, the court explained the evidence was not being admitted for the truth of the matter asserted but "simply . . . to explain the subsequent conduct of the officer and for that limited purpose it may be received." Furthermore, there was other evidence linking Lucero to the Quality Burgers robbery. When driven to the trailer park immediately after the robbery, Rufo Casterjon told police he was 80 percent sure Lucero was the robber. When Lucero and Maldonado were first taken into custody, Officer Spencer heard Lucero trying to pass a fabricated story to Maldonado. The robber wore a dark-colored hat and displayed a gun. A dark-colored hat and gun were found in Lucero's Cadillac when he was arrested. The robber took approximately $158 from Quality Burgers. Maldonado had $144 on her at the time of her arrest and Spencer found approximately $14 of liquor in the car. Lucero's arrival at the trailer park neatly fit the amount of time it would take to drive there from Quality Burgers with a short stop to buy beer and wine. Viewed in this light, the shoe print evidence was not the critical evidence linking Lucero to the robberies, as Lucero claims. Indeed, the prosecutor did not even mention the shoe print evidence in his initial closing argument and only referred to it briefly in rebuttal to Lucero's closing argument.

B. *Officer Spencer's Lay Opinion the Sole of Lucero's Shoe Appeared the Same as the Shoe Print on the Counter Was Admissible.*

■ Again over Lucero's objection, Officer Spencer was allowed to testify he compared the soles of the shoes Lucero was wearing when he was arrested with the shoe print on the counter at Quality Burgers and, in his opinion, they appeared to be the same. Spencer pointed out to the jury the characteristics of the shoes and the shoe print which led him to this conclusion.

Evidence Code section 800 provides: "If a witness is not testifying as an expert, his testimony in the form of an opinion is limited to such an opinion

as is permitted by law, including but not limited to an opinion that is: [¶ (a) Rationally based on the perception of the witness; and [¶ (b) Helpful to a clear understanding of his testimony." It is undisputed Officer Spencer is not an expert in shoe print comparison.

No reported California case has addressed the question whether a layperson can testify to an opinion based on comparison of a shoe and a shoe print. It appears however the courts in other states which have considered this question have all held such testimony is admissible. (E.g., *Moore* v. *State* (1996) 323 Ark. 529 [915 S.W.2d 284, 295]; *State* v. *Jeter* (La.Ct.App. 1992) 609 So.2d 1019, 1022-1023; *State* v. *Johnson* (1990) 120 N.J. 263 [576 A.2d 834, 850-851]; *Halbig* v. *State* (Ind. 1988) 525 N.E.2d 288, 291.) Furthermore, even if the testimony should have been excluded, the error was harmless for the reasons explained above.

II.-IV.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 30, 1998.

---

*See footnote, *ante*, page 1107.