Filed 12/18/14  In re Gabriel V. CA3

NOT **TO** **BE** **PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re GABRIEL V., a Person Coming Under the Juvenile Court Law. | C075556 |
| THE PEOPLE, | (Super. Ct. No. JV135488) |
| Plaintiff and Respondent, | |
| v. | |
| GABRIEL V., | |
| Defendant and Appellant. | |

A wardship petition pursuant to Welfare and Institutions Code section 602 charged the minor Gabriel V. with felony bringing a knife onto school grounds (Pen. Code, § 626.10, subd. (a)(1)),[1] misdemeanor disturbing the peace (§ 415.5, subd. (a)), and petty theft (§ 484, subd. (a)).  The juvenile court denied the minor's motion to suppress

---

[1] Undesignated statutory references are to the Penal Code.

evidence. The minor then admitted bringing a knife onto school grounds, and in consideration for his plea, the juvenile court reduced the felony to a misdemeanor and dismissed the remaining charges. The juvenile court adjudged the minor a ward of the court, ordered him to complete 35 hours of community service, and placed him on probation.

The minor appeals the denial of his motion to suppress evidence. He contends the search of his backpack, which yielded the discovery of the knife, was not justified because the officer who conducted the search did not have reasonable suspicion of wrongdoing. In light of the totality of the circumstances surrounding the search, we conclude the juvenile court did not err in denying the suppression motion; therefore, we shall affirm the dispositional order.

## FACTUAL BACKGROUND

A deputy sheriff was working off-duty as a school resource officer. That morning, a school staff member asked the deputy to search the minor's backpack for a book that was considered contraband and inappropriate for school. The staff member also told the deputy that the minor had been showing the book, which was about growing and cultivating marijuana, to other students. The staff member had seen the book, and other students had informed him that the minor had the book.

The deputy performed the search. He unzipped and opened the main compartment of the minor's backpack, saw and removed the book the staff member had been referring to, and upon removing the book saw a knife sitting at the bottom of the backpack. The deputy left the knife, which was 10 inches long with a six-inch serrated blade, in the backpack, and handcuffed the minor. The deputy completed the search of the backpack, and found nothing else illegal in it. The deputy then gathered the minor's things, placed

2

the minor in the patrol car, and read the minor his *Miranda*[2] rights.  The minor told the deputy he had purchased the knife the year before and brought it to school to protect himself in light of the recent Boston marathon bombing.

Though the deputy was not aware of any particular rule about having such a book on campus, he was aware that "anything the staff felt was disruptive or detrimental to the students was not allowed on campus."  He believed the minor was being disruptive based on the staff member's request for assistance.  The deputy understood staff "wanted the book so that they could hold it either for a parent or until the end of school and they weren't able to get the student to allow them to have the book so that it wasn't being shown to other students any longer."  When the deputy walked into the room to conduct the search, the minor was "angry" and "yelling profanities," and he had apparently been behaving that way prior to the deputy entering.  The deputy searched the minor's backpack to look for the book, which he believed to be the source of the disruption.

## DISCUSSION

The minor contends the juvenile court erred in denying his motion to suppress evidence obtained pursuant to a search of his backpack, i.e., the knife and the minor's statements, because the deputy lacked first-hand knowledge of a rules violation by the minor.  In reviewing the denial of a suppression motion, we view " 'the evidence in a light most favorable to the trial court's ruling.  [Citation.]  We must uphold those express or implied findings of fact by the trial court which are supported by substantial evidence and independently determine whether the facts support the court's legal conclusions.' " (*In re William V.* (2003) 111 Cal.App.4th 1464, 1468.)  Here, based on the totality of the circumstances, we conclude the trial court did not err in finding that the deputy had an objectively reasonable suspicion to search the minor's backpack in light of the

---

[2]  *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

information he had received from the school staff member that the minor was causing a disruption by his possession and sharing of a book on marijuana, and that the book was in the minor's backpack. Thus, the juvenile court did not err in denying the minor's suppression motion.

The legality of a search of a student depends on the reasonableness of the search in light of all the circumstances. (*New Jersey v. T. L. O.* (1985) 469 U.S. 325, 341 [83 L.Ed.2d 720, 734] (*T. L. O.*).) In evaluating the reasonableness of a search in a school setting, the school officials' need to maintain order is balanced against students' legitimate expectations of privacy. (*Id.* at pp. 341-343 [83 L.Ed.2d at pp. 734-735].) Therefore, "searches of students by public school officials must be based on a reasonable suspicion that the student or students to be searched have engaged, or are engaged, in a proscribed activity (that is, a violation of a school rule or regulation, or a criminal statute). There must be articulable facts supporting that reasonable suspicion." (*In re William G.* (1985) 40 Cal.3d 550, 564.)

First, we reject the minor's contention that the school staff member's hearsay statements could not provide the deputy with reasonable suspicion to search the minor. While hearsay evidence is generally inadmissible to prove the People's case (see Evid. Code, § 1200), out-of-court statements may be used to show that officers have probable cause to conduct a search where the legality of the search is at issue. (*People v. Lucero* (1998) 64 Cal.App.4th 1107, 1110.) This is so because the statements are not being offered to prove the truth of the matter asserted or to prove any element of the offense against the appellant, but "solely to establish that the officer had reasonable or probable cause to effect the search and seizure." (*People v. King* (1956) 140 Cal.App.2d 1, 5.)

Indeed, in *T. L. O.*, *supra*, 469 U.S. at page 346, the court upheld as reasonable a vice principal's search of a student's purse based on information the vice principal received from a teacher. There, a teacher discovered two students smoking in a school

4

lavatory in violation of a school rule. (*Id.* at p. 328.) The students were taken to the assistant vice principal and one of the students (T.L.O.) denied smoking. (*Ibid.*) The vice principal then searched T.L.O.'s purse, finding cigarettes, rolling papers, marijuana, and other items. (*Ibid.*) The court held that the search was reasonable because the report made by a teacher that T.L.O. was smoking in the lavatory "gave [the vice principal] reason to suspect that T.L.O. was carrying cigarettes with her; and if she did have cigarettes, her purse was the obvious place in which to find them." (*Id.* at pp. 345-346.) Therefore, the basis for his suspicion and the scope of the search were both reasonable.

Here, the school staff member asked the deputy—the school resource officer—to search the minor's backpack. The staff member told the deputy he had seen the minor with a book that was considered contraband and not appropriate for school, had seen the minor show the book to other students thereby causing a disruption, and knew the book was in the minor's backpack. The staff member also told the deputy that the minor had refused to turn the book over and that he was concerned the minor would continue to be disruptive by showing the book to other students. Additionally, the staff member told the deputy that having the book violated school rules, and though the deputy did not know of a rule specifically prohibiting a student from having a book on growing marijuana at school he "was very aware that anything the staff felt was disruptive or detrimental to the students was not allowed on campus." In light of the circumstances, it was reasonable for the deputy to rely on this information in concluding he had reasonable suspicion to search the minor's backpack.

We also reject the minor's contention that possession of an innocuous book on school grounds or showing that book to other students cannot be a rules violation. "[T]he preservation of order and a proper educational environment requires close supervision of schoolchildren, as well as the enforcement of rules against conduct that would be perfectly permissible if undertaken by an adult." (*T. L. O.*, *supra*, 469 U.S. at p. 339

5

[83 L.Ed.2d at p. 733].) Thus, a "student may exercise his right to freedom of expression unless the 'conduct by the student, in class or out of it, which for any reason—whether it stems from time, place, or type of behavior—materially disrupts classwork or involves substantial disorder or invasion of the rights of others . . . .' " (*Bright v. Los Angeles Unified School Dist.* (1976) 18 Cal.3d 450, 455, quoting *Tinker v. Des Moines School Dist.* (1968) 393 U.S. 503, 513 [21 L.Ed.2d 731, 741].) Therefore, restrictions may be placed on a student's ability to possess or share an otherwise innocuous book where the student's possession or sharing of the book is disruptive.

Here, though the deputy did not cite a specific rule or regulation that was violated by the minor having the book or showing it to other students, he was familiar with the school's rules and regulations and testified that students were not allowed to have anything "disruptive or detrimental to the students." And there was evidence that the minor's possession and sharing of the book on marijuana was disruptive and that the book was in the minor's backpack. Therefore, there were articulable facts to support an objectively reasonable suspicion that the student had engaged or was engaging in a rules violation by causing a disruption by possessing and sharing his book and that evidence of that rules violation would be found in the minor's backpack. Accordingly, the juvenile court did not err in denying the minor's motion to suppress evidence.

## DISPOSITION

The judgment (dispositional order) is affirmed.

                                                                              BUTZ             , J.

We concur:

     BLEASE         , Acting P. J.

     HULL           , J.