Filed 1/13/15  P. v. Garcia CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B251502 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126868) |
| v. | |
| MOISES GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Shultz, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jonathan J. Kline and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Moises Garcia appeals from the judgment on his conviction on one count of receiving stolen property in violation of Penal Code[1] section 496, subdivision (a). Appellant contends that the trial court erred in admitting the hearsay statement of a witness implicating him in the crime. As we shall explain, appellant's claim lacks merit. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

At approximately 3:40 p.m. on January 13, 2013, Los Angeles County Deputy Sheriff Carolina Roman received a routine call to respond to a residence on Louise Avenue in Lynwood. The dispatcher informed Deputy Roman that two men had been observed removing copper wire from a Ryder rental truck and placing the wire in the garage of the residence. When Deputy Roman arrived on the scene, she walked towards the Ryder truck. She saw a man, later identified as Alberto Murillo, walking toward her and away from the truck. Deputy Roman detained Murillo. While doing so, she also observed a second man, later identified as appellant, in the driver's seat on the driver's side of the truck. Appellant was approximately 40 feet away from Deputy Roman at the time and his face was turned towards her. Deputy Roman observed appellant exit the truck. He walked towards the garage where some of the copper wire had been unloaded, and attempted to close the garage door. When the door would not close, appellant walked to the back of the house and disappeared from view. According to Deputy Roman, her opportunity to view appellant spanned a number of seconds. Other Sheriff's deputies arrived on scene to search for appellant, but he was not apprehended that day.

Deputy Roman recovered a license plate and an ignition switch from the floor of the driver's side of the truck. The investigation revealed that the truck had been reported stolen. Inside the garage of the house on Louise Avenue, police recovered large spools of copper wire marked "DWP." Deputy Roman also questioned Murillo, who identified

_____

[1]    The references to statute are to the Penal Code unless otherwise indicated.

2

appellant as "Moses [sic] Garcia." Murillo told Deputy Roman that appellant was the person who was in the driver's seat of the Ryder truck, and who left the scene. Later that day Deputy Roman prepared a written report of the incident; she included the name: "Moses Garcia" in her report. Deputy Roman also input the name, "Moses Garcia" into a law enforcement computer database to find him. Deputy Roman testified that she did not locate any information about appellant during that search.

Deputy Roman forwarded the information she had gathered to Detective Salvador Rios, who conducted the investigation. Detective Rios reviewed Deputy Roman's report, and researched the name of the suspect included in the report. Detective Rios also interviewed Murillo and Yojari Solis, the owner of the property where the copper wire was being stored. The owner of the property indicated that appellant was renting the space for $400 per month. Based upon his investigation, Detective Rios located a picture of appellant and prepared a six-pack photographic lineup. From the six-pack, Deputy Roman identified appellant as the person in the driver's seat of the truck who fled the scene.

Five months earlier in August 2012, Whittier Police Officer Adrian Bobadilla was patrolling an area of Santa Fe Springs when he saw appellant standing by a parked truck in the lot of a vacant business. Officer Bobadilla approached appellant, but appellant fled. In the bed of the truck, the officer found a spool of copper wire, wire cutters and a saw. Officer Bobadilla identified appellant from a six-pack photographic lineup as the person he saw standing by the truck ("Santa Fe Springs Incident").

Appellant was apprehended and charged (for the January 2013 incident) with receiving stolen property with a prior theft conviction in violation of section 666.5 in Count 1; and receiving stolen property in violation of section 496, subdivision (a) in Count 2. As to both counts, the information further alleged that, at the time of the current offenses, appellant was out on bail pursuant to section 12022.1. Appellant pled not guilty.

During the trial the court admitted evidence of the Santa Fe Springs Incident pursuant to Evidence Code section 1101, subdivision (b). In addition, Deputy Rios

3

testified regarding the investigation. Deputy Roman testified as to her eyewitness observation of appellant and her investigation. On direct examination, Deputy Roman testified that Murillo had given her the name of the man who was in the Ryder truck while Murillo was being detained. The prosecutor asked Deputy Roman for the name Murillo had given her. Over appellant's hearsay objection, the court heard arguments at side bar:

> "[Prosecutor]: The name that she received is a part of her investigation, and it's one of the tools that were used in order for the detective to bring up a photograph of a suspect and then later do a six-pack with Deputy Roman.
>
> "The Court: In that case, you're offering it for non-hearsay purposes?
>
> "[Prosecutor]: That's right.
>
> "The Court: It was a little unclear from the way you responded, . . . . But, so, you're just simply offering it for the non-hearsay purpose to explain her [Roman] conduct after receiving the name?
>
> "[Prosecutor]: Right, in terms of investigation. . . .
>
> "[¶¶]
>
> "[Appellant's defense counsel]: I'm going to stand by my objection, Your Honor. What I believe the People are trying to elicit from this witness is the fact that she spoke to the co-suspect, that co-suspect identified my client as being the person he was with. That's clearly hearsay. [¶] The suggestion that it's going to be used to describe her further actions, the non-hearsay purpose, I don't believe the evidence is going to pan out in that manner. It was a different deputy who ultimately develops a six-pack with my client's information and photograph. [¶] So the fact that this witness may have developed information that this suspect names my client as being present isn't furthering her investigation. . . .
>
> "The Court: Right. But she did direct the second deputy with the information she had learned; is that correct?

4

"[Prosecutor]: That's correct.

"The Court: The objection is overruled. Again, I will give a limited instruction as each piece of evidence comes in, . . . ."

Deputy Roman then testified that Murillo told her the name of the other suspect was "Moses Garcia." The trial court instructed the jury that the statement made by Murillo was admitted for the limited purpose of explaining what effect or impact, if any, it had on Deputy Roman, and that the jury could not consider it for the truth of the matter asserted.

The jury found appellant guilty of receiving stolen property in Count 2, but he was acquitted in Count 1. In a bifurcated proceeding, the trial court found true appellant's admission that he was out on bail in another case at the time the current offense was committed. Appellant was sentenced to a five-year term that included the upper term of three years on Count 2, plus two years for the out-on-bail enhancement.

Appellant timely appeals.

### DISCUSSION

Appellant complains that the trial court erred when it admitted Deputy Roman's testimony in which she relayed to the jury the name Murillo had given her. Appellant argues that the testimony was hearsay, and that the court improperly concluded that it was admissible for the nonhearsay purpose, i.e., to explain Deputy Roman's conduct after receiving the name. Appellant maintains that Deputy Roman's conduct was not relevant to any issue in the case, and therefore the hearsay objection should have been sustained and the evidence should have been excluded.

Only relevant evidence is admissible. (Evid. Code, § 350; *People v. Crittenden* (1994) 9 Cal.4th 83, 132.) All relevant evidence is admissible unless excluded under the federal or California Constitution or by statute. (Evid. Code, § 351; see also Cal. Const., art. I, § 28, subd. (d).) Relevant evidence is defined in Evidence Code section 210 as evidence having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action. The test of relevance is whether the

5

evidence tends "logically, naturally, and by reasonable inference" to establish material facts such as identity, intent, or motive. (*People v. Garceau* (1993) 6 Cal.4th 140, 177.) The trial court has broad discretion in determining the relevance of evidence but lacks discretion to admit irrelevant evidence. (*Ibid*.; *People v. Crittenden, supra,* 9 Cal.4th at p. 132.)

Hearsay is an out-of-court statement offered for the truth of the matter asserted. (Evid. Code, § 1200.) Generally, it is inadmissible, unless it falls into one of the enumerated exceptions to the hearsay rule. (Evid. Code, § 1220 et seq.) Evidence may be admitted for a nonhearsay purpose if it is relevant to a matter at issue in the case. (*People v. Turner* (1994) 8 Cal.4th 137, 189 ["An out-of-court statement is properly admitted if a nonhearsay purpose for admitting the statement is identified, and the nonhearsay purpose is relevant to an issue in dispute."].) Thus, evidence may be properly admitted for the nonhearsay purpose of proving, for example, why Deputy Roman and Detective Rios began to investigate appellant for the crime.

Appellant argues, however, that the police conduct and investigation is not relevant in this case because the jury was not asked to decide why the police focused on appellant. We disagree. The record from the trial does not support appellant's argument on appeal.[2]

Such "course of investigation" testimony is routinely admitted at trial. (See *People v. Marsh* (1962) 58 Cal.2d 732, 738.) Appellant's reliance on this Division's decision in *People v. Lucero* (1998) 64 Cal.App.4th 1107 is misplaced. In *Lucero*, the trial court permitted a police officer to testify that a witness at the scene of a robbery told him a footprint left at the scene belonged to the robber. In overruling the defendant's hearsay objection, the trial court concluded, "the statement was not introduced to prove the truth of the matter asserted but to explain the conduct of the officer." (*Id.* at p. 1109.)

---

[2] Appellant's challenge on appeal is different from the objection he asserted in the trial court. At trial he argued that the evidence should be excluded because Deputy Roman's actions after receiving the name were not connected to Detective Rios's investigation and preparation of the six-pack photographic line-up. He did not argue, as he does here, that the police investigation and conduct were not at issue in the case.

6

On appeal, the Attorney General argued: "the evidence was admitted for the nonhearsay purpose of 'showing [Officer Mundy's] good faith or the reasonableness of his conduct.'" (*Ibid.*) The Court disagreed: "[t]he problem with the People's argument is that even if the witness's statement . . . was offered for a nonhearsay purpose it still had to be relevant to be admissible. . . . [T]he jury was not asked to determine whether the police had probable cause to arrest Lucero. Therefore, the witness's statement . . . about the suspect stepping on the counter was simply irrelevant for the nonhearsay purpose offered because it had no tendency in reason to prove any disputed issue of fact in the action. [Citations.]" (*People v. Lucero, supra,* 64 Cal.App.4th at pp. 1109-1110.)

*Lucero* does not stand for the proposition that "course of investigation" evidence is only relevant if probable cause is a disputed issue at trial. In *Lucero* the reasonableness of police conduct simply was not at issue in that case.

In contrast, here the police conduct was at issue during the trial. Indeed, appellant argued to the jury that no physical evidence linked him to the crime. He also pointed to trial testimony from the owner of the residence, Solis, who testified that appellant was not present on January 13 when Deputy Roman arrived. Appellant challenged every aspect of Deputy Roman's identification of him and the manner in which Detective Roman conducted her investigation. He argued that the police "rushed to judgment" to focus on him as a suspect. Consequently, the conduct of the police was at issue in this case and therefore, Murillo's statement to Deputy Roman was relevant for the nonhearsay purpose to explain why the police focused on appellant as a suspect in the crime.

In view of the foregoing, we conclude the trial court did not err in admitting evidence of the name Murillo provided to Deputy Roman.

This notwithstanding, even if the evidence was wrongfully admitted, any error was harmless. A conviction will only be reversed when it is reasonably probable a result more favorable to the defendant would have occurred in the absence of the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) In this case, ample evidence, including evidence that appellant had rented the garage where the copper wire was found, the Evidence Code

7

section 1101, subdivision (b) evidence of the Santa Fe Springs Incident, and Deputy Roman's eyewitness identification of appellant, supports the jury's verdict.

### *DISPOSITION*

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**                                    **FEUER, J.**[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.